I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL. POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 2-26-14

DEPUTY CLERK



FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

FEB 26 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY CARPENTER,<br><br>    Petitioner,<br><br>vs.<br><br>J. SOTO, Warden,<br><br>    Respondent. | Case No. CV 14-0924-R (RNB)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |

On February 6, 2014, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein.

It appears from the face of the Petition that it is directed to the same judgment of conviction for second degree robbery sustained in Los Angeles County Superior Court as the prior habeas petition filed by petitioner in this Court on July 10, 2007 in Case No. CV 07-4458-GPS (RNB) [hereinafter the "Prior Action"]. On January 18, 2008, Judgment was entered in the Prior Action denying the petition and dismissing the action with prejudice. Petitioner did not file a Notice of Appeal from that Judgment.

The Petition now pending is governed by 28 U.S.C. § 2244(b), which provides in pertinent part as follows:

    (1)    *A claim presented in a second or successive habeas corpus*

*application under section 2254 that was presented in a prior application shall be dismissed.*

    *(2)    A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--*

        *(A)    the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or*

        *(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and*

        *(ii)    the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.*

    *(3)    (A)    Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.*

Thus, to the extent that petitioner's current claim that the guilty pleas underlying the prior convictions used to enhance his current sentence were not knowingly and voluntarily made appears to be encompassed by the claims that he alleged in the Prior Action,[1] § 2244(b)(1) compels dismissal of his claim. To the

---

[1] In footnote 8 of the Petition in the Prior Action, petitioner indicated that (continued...)

2

extent that the claim now being alleged by petitioner qualifies as a new claim of error that he did not raise in the Prior Action, it was incumbent on him under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider his new claim, prior to his filing of the instant Petition in the District Court. Petitioner's failure to secure an order from the Ninth Circuit authorizing the District Court to consider any new claim being alleged in the Petition now pending, prior to his filing of the Petition in the District Court, deprives the Court of subject matter jurisdiction. See Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

IT THEREFORE IS ORDERED that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: Feb. 24, 2014

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

Presented by:

Robert N. Block
United States Magistrate Judge

---

[1] (...continued)
he not only was making a claim of ineffective assistance of trial counsel based on the failure to challenge the prior convictions, but also was challenging, as "separate" and "distinct" claims, the voluntariness of the 1990, 1992, and 1993 pleas used to enhance his sentence. As the Court noted in its Report and Recommendation in the Prior Action, which the District Judge ultimately adopted, such claims were foreclosed by the Supreme Court's decision in Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 121 S. Ct. 1567, 149 L. Ed. 2d 608 (2001).